BENJAMIN W. HARRISON and BETTY J. HARRISON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; CRAIG WILLIAM HARRISON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harrison v. Commissioner
Docket Nos. 18433-80, 18434-80.
United States Tax Court
T.C. Memo 1982-130; 1982 Tax Ct. Memo LEXIS 617; 43 T.C.M. (CCH) 798; T.C.M. (RIA) 82130; March 17, 1982. *617 Gloria T. Svanas, for the petitioners. David W. Johnson, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: These consolidated cases are before the Court on respondent's motion for summary judgment filed on May 21, 1981, pursuant to Rule 121, [1] and heard on October 19, 1981. Respondent determined the following deficiencies in, and additions to, petitioners' 1977 Federal income tax: Addition to Tax [2]
Petitioners
Docket No.
Deficiency
Sec. 6653(a)
Benjamin W. Harrison
18433-80
$ 2,042.00
$ 102.10
and Betty J.
Harrison
Craig William
18434-80
748.00
37.40
Harrison
Petitioners Benjamin W. Harrison and Betty J. Harrison, husband and wife, and their son, petitioner Craig William Harrison, resided in San Antonio, Texas, on the date they filed their petitions herein. On November 23, 1981, petitioners filed with the Court a document entitled "Motions" in which they conceded *618 respondent's deficiency determinations. Thus, the only issue before us is whether petitioners are liable for the additions to tax asserted by respondent under section 6653(a). These cases involve the attempted assignment of income by petitioners to the "Benjamin Harrison Trust," a so-called "family trust" in which petitioners and other members of their family were beneficiaries. Petitioners Benjamin W. Harrison and Craig William Harrison each served as trustees of the Benjamin Harrison Trust (hereinafter the Trust). During 1977, petitioner Benjamin W. Harrison was employed by the City Public Service Board, San Antonio, Texas, as an engineering technician and received a salary therefrom of $ 17,713.36. He and his wife also received $ 321.37 in interest income during 1977. They did not report these amounts on the joint tax return (Form 1040) that they filed for 1977, but such amounts were reported on the Trust's return (Form 1041) for that year. Subsequent to the filing of the Trust's 1977 return, Benjamin W. Harrison and his wife filed an amended joint tax return (Form 1040X) claiming a deduction in the amount of $ 18,034.73 to reflect an attempted assignment of the aforementioned *619 salary and interest income to the Trust for tax purposes. During 1977, petitioner Craig William Harrison was employed by the University of Texas Health Science Center, San Antonio, Texas, as a maintenance worker and received a salary therefrom of $ 7,504.18. He also received interest income of $ 168.84, and back-pay from the United States Navy of $ 20.00. He did not report any of the aforementioned income on the tax return he filed for 1977, but such amounts were reported on the Trust's return for that year. Subsequent to the filing of the Trust's 1977 return, petitioner Craig William Harrison filed an amended tax return claiming a deduction in the amount of $ 7,693.02 to reflect an attempted assignment of the aforementioned salary, interest, and back-pay income to the Trust for tax purposes. The record indicates that petitioners initially omitted the aforementioned income amounts on their Form 1040 in order to receive refunds of their withheld taxes from respondent, and then failing to obtain those refunds, tried to obtain them by filing amended returns. Rule 121(b) provides that a motion for summary judgment shall be granted if the "pleadings, answers to interrogatories, *620 depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Since petitioners have not submitted any information which contradicts respondent's factual determinations, we find that no genuine issue of material fact is present in this record and, thus, respondent is entitled to summary judgment as a matter of law. [3]
To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. Unless otherwise indicated, any references to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
3. See Parmenter v. Commissioner,T.C. Memo. 1981-299; Radlek v. Commissioner,T.C. Memo. 1981-62; Bryson v. Commissioner,T.C. Memo. 1980-331↩.